UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KEVIN PENELTON, Plaintiff, | ) | |
| v. | ) | No. 2:25-cv-00434-JPH-MG |
| CENTURION HEALTH SERVICES, SAMUEL BYRD, CASEY JACOBS-CAMPELL, BARBARA RIGGS, M. WILLIS, Defendants. | ) | |

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION WITHOUT PREJUDICE**

Plaintiff Kevin Penelton filed this 42 U.S.C. § 1983 lawsuit on September 9, 2025, while he was incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). Dkt. 2. Pending before the Court is Mr. Penelton's emergency motion for preliminary injunction, which asks the Court to order the Defendants to (1) provide adequate pain medication in the form of steroid injections every two months and (2) refer Mr. Penelton for a specialist consultation regarding shoulder reconstruction surgery. Dkt. 16. For the reasons explained below, the Court **DENIES** the motion as moot, dkt. [16], without prejudice.

Additionally, the Court **GRANTS** Mr. Penelton's "Objection and Request (Motion) for Order," dkt. [27], to the extent that it considered his addendum as part of the record and issues this order.

## I. Relevant Procedural History

The Court's screening order allowed two claims to proceed: (1) an Eighth Amendment claim against the individual Defendants based on allegations that they failed to provide adequate medical care for Mr. Penelton's arm injury; and (2) an Eighth Amendment *Monell* claim against Centurion Health of Indiana, LLC ("Centurion") based on allegations that it refused to approve surgery and failed to approve pain management for Mr. Penelton's arm injury. Dkt. 13.

On January 9, 2026, Mr. Penelton filed a motion for emergency preliminary injunction, asking the Court to order the Defendants to (1) provide adequate pain medication in the form of steroid injections every two months and (2) refer Mr. Penelton for a specialist consultation regarding shoulder reconstruction surgery. Dkt. 16.

The Defendants responded on April 20, 2026, and Mr. Penelton filed a reply in July after seeking an extension. Dkts. 34, 43. After filing the reply, Mr. Penelton filed an update, which documented his most recent pain management appointment on June 2, 2026. Dkt. 48. The Court then ordered Defendants to file a supplemental response itemizing all actions they have taken to treat Mr. Penelton's shoulder injury since the June 2 appointment as well as the outside specialist's report. Dkt. 49. After Defendants filed the supplemental response, *see* dkt. 55, the Court scheduled an in-person evidentiary hearing. Dkt. 57.

During a Telephonic Status Conference with Magistrate Judge Mario Garcia, Counsel for Defendants represented that Centurion approved and scheduled Mr. Penelton for the injections to his right shoulder joint

recommended by the offsite medical provider during June 2, 2026 appointment. Defendants also represented that Centurion will reassess Mr. Penelton's need for surgery upon evaluating the success of the injection and the specialist's recommendation. The parties then agreed to vacate the evidentiary hearing and reassess the status of Mr. Penelton's requested relief in a Telephonic Status Conference on October 26, 2026. Dkt. 63.

## II. Discussion

Centurion represented to the Court that Mr. Penelton will receive the requested relief. Mr. Penelton has been approved and scheduled for the recommended injection to his right shoulder joint and Centurion will reassess Mr. Penelton's need for surgery depending on the success of the injection and the recommendation of the specialist. *Id.* Thus, because Mr. Penelton has received the requested relief, his current motion for preliminary injunction is moot. *See Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) (stating that a case seeking injunctive relief becomes moot "once the threat of the act sought to be enjoined dissipates"). Mr. Penelton may reassert his motion for preliminary injunction, if needed, after the upcoming Telephonic Status Conference on October 26.

## III. Conclusion

The motion for preliminary injunction, dkt. [16], is **DENIED** as moot without prejudice. Mr. Penelton may reassert the motion, if needed, after the upcoming Telephonic Status Conference on October 26.

The objection and motion for order, dkt. [27], is **GRANTED** to the extent that the Court considered Mr. Penelton's addendum as part of the record and issues this order.

**SO ORDERED.**

Date: 9/10/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KEVIN PENELTON
946100
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Ami Therese Anderson
LEWIS, BRISBOIS, BISGAARD & SMITH LLP
ami.anderson@lewisbrisbois.com

Taylor Lee Rasey
Lewis Brisbois
taylor.rasey@lewisbrisbois.com